**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000472
07-DEC-2012
08:56 AM**

NO. CAAP-11-0000472

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JOHN EMERY KNIGHT, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 10-1-0052; CR. NO. 91-2108)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant John E. Knight (**Knight**) appeals *pro se* from the Order Denying Petition to Vacate, Set Aside, or Correct Illegal Sentence Through a Writ of Habeas Corpus Pursuant to [Hawai'i Rules of Penal Procedure (**HRPP**)] Rule 40, Filed September 13, 2010 (**Order Denying Petition**), filed on May 27, 2011, in the Circuit Court of the First Circuit (**Circuit Court**).[1]

Knight raises ten points of error on appeal, including that the Circuit Court erred when it concluded that Knight waived the issues raised herein.

HRPP Rule 40(a)(3) provides:

> Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any

---

[1]  The Honorable Richard W. Pollack presided.

other proceeding actually conducted, or <u>in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue</u>.  <u>There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure</u>.

(Emphasis added.)

The Circuit Court did not err in concluding that the issues were waived herein because Knight did not raise them in S.P.P. No. 09-1-0052, which was dismissed when Knight failed to comply with an order therein directing him to supplement his non-conforming petition for post-conviction relief.  Knight did not file an appeal from the dismissal of the petition in S.P.P. No. 09-1-0052.  Nor did Knight argue, much less prove, the existence of extraordinary circumstances to justify his failure to raise the issues herein in S.P.P. No. 09-1-0052.  Knight provided no facts to rebut the presumption that he knowingly and understandingly failed to raise his present claims in his prior petition.  The Circuit Court did not err when it concluded that HRPP Rule 40 proceedings are not available due to Knight's waiver.

Accordingly, we need not reach Knight's other arguments on appeal.

The Circuit Court's May 27, 2011 Order Denying Petition is affirmed.

DATED:  Honolulu, Hawai'i, December 7, 2012.

On the briefs:

John Emery Knight
Petitioner-Appellant

David M. Louie
Attorney General of Hawai'i
Lisa M. Itomura
Deputy Attorney General
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge

2